**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEBORAH LAUFER, Individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20 CV 3529 |
| ) | |
| ) | |
| STANLEY MARK DANIELS d/b/a ) | |
| THE DANIELS MOTEL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS UNDER F.R.C.P. 12 (b)(1) AND (b)(6)**

NOW COMES defendant, Stanley Mark Daniels d/b/a The Daniels Motel (the "Motel"), by its attorney, Michael W. Huseman of Dreyer, Foote, Streit, Furgason & Slocum, P.A., and for his Motion to Dismiss Under F.R.C.P. 12 (b)(1) and (b)(6), hereby states as follows:

**Introduction**

In her complaint, plaintiff alleges that she resides in Florida, where she logged on to the the Motel's third-party websites. The Motel itself is in LaSalle, Illinois. She further alleges that she could not find sufficient information on the websites to assess whether the Motel's physical facilities could accommodate her disabilities. Absent in this complaint, however, are any allegations that she ever intended to visit Illinois or to possibly stay at the Motel. Nor are there any allegations that she ever intends to visit Illinois in the future. Thus, as demonstrated below, she lacks standing to bring this matter. Specifically, she has not suffered any concrete and personalized injuries sufficient to confer jurisdiction in Illinois. Furthermore, the complaint fails to state a claim upon which relief can be granted. She has not alleged, nor can she, that she was ever denied actual access to the Motel for any reason, let alone, because of her disabilities.

## **Background**

As this is a motion to dismiss, the allegations of the complaint are assumed to be true. Nevertheless, facts that are not pled can be as equally compelling. As pointed out below, those unpled facts require the dismissal of this case for both grounds asserted in this motion. According to the complaint, plaintiff lives in Pasco County, Florida and is disabled as defined under the American with Disabilities Act ("ADA"). *Compl.*, ¶ 1. She has trouble walking and must use either a cane or a wheelchair to do so. *Id*. She also has limited use of her hands and is vision impaired. *Id.*, The Motel is a place of public accommodation located in LaSalle, Illinois. *Id*. at ¶ 3.

The Motel's facilities, according to plaintiff, are required to be ADA compliant, but that is not the specific issue here. Instead, the issue here is the third-party websites that the Motel uses, expedia.com, Booking.com and Orbitz.com, to advertise the hotel and to place reservations. *Id*. at ¶ 10. Plaintiff claims that she has visited these websites before she brought this matter and intends to revisit them at some point. These websites allegedly have insufficient ADA information for Plaintiff to determine if the hotel is a place that accommodate her disabilities. *Id*. Yet, plaintiff has not pleaded the following. She has not stated that she had any intentions whatsoever to possibly stay at the Motel or visit LaSalle, Illinois either before or at the time she accessed the third-party websites. Equally compelling is that she has not alleged that she ever intends to visit LaSalle, Illinois or may stay at the Motel in the future. Thus, this matter is not about a motel and whether it can accommodate a person with disabilities. Rather, it is about an individual who commenced litigation without being harmed because she does not have any desire then, now, or in the future, to come to Illinois or to stay at the Motel.

**Argument**

**I.     Plaintiff lacks standing.**

Any person who sues in the federal courts must have standing. See e.g., *Carello v. Aurora Policemen Credit Union*, 930 F. 3d 830 (7th Cir. 2019). "To establish standing, a 'plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision.' [citations omitted]." *Id*. at 833. The Seventh Circuit has explained that the injury to confer standing must be "both concrete and particularized." *Id*. Also, because plaintiff is seeking injunctive relief, she must demonstrate that she faces a "real and immediate threat of future injury." *Id*. Here, plaintiff claims that the Motel's use of third-party websites that are non-ADA compliant infringes upon her right to travel free of discrimination and deprives her of information she allegedly needs to make meaningful choices to travel. *Compl*., ¶ 13. She also claims that the non-compliant websites have caused her humiliation and frustration. *Id*. But she has not alleged that she ever intended to visit LaSalle, Illinois or possibly stay at the Motel, either then or now. Nor does she allege that she ever intends to visit Illinois in the future. In fact, plaintiff has admitted in her complaint that she is a "tester."[1]

Thus, she has not suffered the type of injury necessary to confer standing according to the holdings of multiple courts. *Hernandez v. Caesars License Co*., LLC, 2019 U.S. Dist. LEXIS 172456 (N.J. Dist. 2019); *Strojnik v. Kapalua Land Co*, 2019 U.S. Dist LEXIS 165525 (Hawaii 2019). See also *Harty v. Greenwich Hospitality Group, LLC*, 2013 U.S. App. LEXIS 22136 (2nd Cir. 2013) (Where the Second Circuit stated that the plaintiff lacked standing because he never intended to return to the city where the hotel was located.); *Laufer v. Laxmi & Sons*, 2020 U.S.

---

[1] According to a PACER search, Deborah Laufer has filed at least 235 similar cases nationwide.

Dist. LEXIS 79545 (N. D. N.Y. 2020) (Where the district court on its own raised the issue of standing).

Plaintiff's alleged injuries have been characterized by courts as an informational harm from a lack of access to information. Courts have also labelled her injuries as harm to her dignity as a disabled person. *Carello* at 833-34. However, as noted by the Seventh Circuit in *Carello*, not all harm to dignity confers standing. "[D]ignitary harm stemming for the mere knowledge that discriminatory conduct is occurring is an 'abstract stigmatic injury' that the plaintiff lacks standing to vindicate." *Carello* at 834. As in *Carello*, where the plaintiff was only harmed in an abstract stigmatic manner way because she could never become a member of the credit union, here, Plaintiff also has suffered only abstract, stigmatic harm --and not a concrete, particularized harm-- because she never intended to stay at the Motel when she accessed the websites. Nor does she ever intend to possibly stay at the Motel in the future. Consequently, as further explained in *Carello*, in the absence of any personal, concrete impact on Plaintiff, she has no standing. *Id*. See also *Hernandez*, 2019 U.S. Dist. LEXIS, p. 4 (Where the district court held the plaintiff lacked standing because her alleged harm was not personal to her since she had no intention of ever staying at the hotel.) Likewise, on the issue of informational harm, Plaintiff has the same problem. She has only suffered a generalized harm, and not a concrete, particularized harm, because she never intended to stay at the hotel.

Finally, her claim for injunctive relief is equally defective on the issue of standing. She has no immediate, real threat of future harm because she does not intend to ever stay at the hotel in any event. Accordingly, for all the above reasons, she lacks standing to bring this claim.

**II.     Plaintiff has failed to state a claim upon which relief can be granted.**

The ADA prohibits discrimination based on disability in places of public accommodation. See *Cohan v. Bensenville Hospitality Inc.*, 2016 U.S. Dist. LEXIS 62207 (N. Dist. Ill). Said

differently, the ADA requires the hotel to accommodate plaintiff's disabilities if she desires to stay there. But she never intends to stay at the hotel, according to her complaint. Moreover, plaintiff never alleges that the hotel itself is non-ADA compliant. Absent her intentions of ever wanting to stay at the hotel, plaintiff cannot claim that she has ever been denied actual access to the hotel because of her disabilities. Thus, she has not suffered any ADA discrimination by the hotel and, therefore, she has failed to state a claim under the ADA. *Strojnik v. Kapalua Land Co*, 2019 U.S. Dist LEXIS 165525 (Hawaii 2019).

WHEREFORE, defendant, Stanley Mark Daniels d/b/a The Daniels Motel, moves for the entry of an order dismissing plaintiff's complaint with prejudice and for such other and further relief deemed fair and reasonable by this Honorable Court.

DREYER, FOOTE, STREIT,
FURGASON & SLOCUM

By /s/ Michael W. Huseman
Attorneys for Defendant

Michael W. Huseman
Attorney No. 06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM
1999 West Downer Place
Aurora, IL 60506
Tele: 630/897-8764
mhuseman@dreyerfoote.com

## PROOF OF SERVICE

I, Michael W. Huseman, an attorney, certify that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the above Motion was accomplished through the Court's Electronic Notice for Registrants on all parties to the above cause, through counsel identified as Registrants through the Court's Electronic Notice for Registrants, on the 3rd day of August, 2020.

By /s/ Michael W. Huseman

Michael W. Huseman
Attorney #06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM
1999 West Downer Place
Aurora, IL 60506
630/897-8764
mhuseman@dreyerfoote.com