UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DEBORAH LAUFER,**
    **Plaintiff,**

v.                                            Case No: 20-cv-3529

**STANLEY MARK DANIELS dba**
**THE DANIELS MOTEL,**
    **Defendant.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

By: /s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475
fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942

I.  **Introduction**

Plaintiff, is a Florida resident and disabled person within the meaning of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. ("ADA"), and relies on a wheelchair or cane to ambulate and is vision impaired. Defendant books rooms for its hotel through an online online reservations service operated through multiple websites. (Hereinafter "websites", "online reservations systems" or "ORS".) Laufer Affid., para. 6, Exhibit A attached hereto. The purpose of this ORS is so that Defendant can reach out and market to persons all over the country, including Florida, in their own homes, to solicit their patronage, provide them with information so that they can make a meaningful choice in planning trips, and, in some instances, book a room at the hotel. As such, the Defendant's ORS is required to comply with the requirements of 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), by identifying and allowing for booking of accessible rooms and providing accurate and sufficient information as to whether all the features at the hotel are accessible. Prior to the filing of this lawsuit, Plaintiff reviewed the ORS for Defendant's hotel and found that it did not comply with the Regulation. Laufer Affid., para. 6. Plaintiff therefore filed the instant action for injunctive relief pursuant to the ADA. Defendant does not contest the fact that its ORS discriminates against disabled persons. Instead, Defendant copied the brief filed by another law firm in *Lauver v. U.L.S.T., LLC*, 1:20-cv-3527, DE 14 (N.D. Ill. 7/30/20) and made mostly cosmetic changes.

II. **Standard**

Under Fed. R. Civ. P. 12(b)(6), the Court must accept "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *RLJ Lodging Trust v. Nat'l Ret. Fund*, 2018 U.S. Dist. LEXIS 143911, *9 (N.D. Ill. 2018). When ruling on a

1

motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), a district court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894. 897 (N.D. Ill. 1995). 12(b)(1) motions are not meant to decide the merits of the case. *PrimeSource Healthcare of Ohio, Inc. v. Sebelius*, 2014 U.S. Dist. LEXIS 93293, *7 (N.D. Ill. 2014); *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). A court can transform a motion for dismissal into one for summary judgment, when matters outside the pleading are presented. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). If a court is going to disbelieve the plaintiff on the issue of standing, it cannot be in the context of a rule 12(b)(1) motion, but must be pursuant to the factfinding process. *Brooke v. Kashl Corp.*, 362 F. Supp.3d 864, 876 (S.D.Ca. 2019)

## II.     Defendant's Theory Has Been Widely Rejected

Defendant cites only two ORS discrimination cases in its favor and ignores the overwhelming body of authorities which have considered and rejected such arguments. In *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790 (M.D. Fla. 2020), one court rejected the defendant's argument that the plaintiff needed to intend to book a room at the hotel. The court held that the:

> ADA claim is based upon [defendant's] website failing to identify the accessible features of the motel and its rooms, in violation of 28 C.F.R. § 36.302(e)(1)(ii). Therefore, the relevant 'future injury' inquiry relates to the motel's website and reservation system, rather than the motel's physical property." [Citation omitted.] While Parks may have never visited the motel, he visited its website and several third-party sites.

*Id*. at *7. In *Kennedy v. Gold Sun Hospitality, LLC*, 8:18-cv-842-T-33CPT, DE 23, at pp. 30-31, (M.D. Fla. June 18, 2018), another court rejected a physical nexus argument, holding that the plaintiff's injury occurred in comfort of her own home when she visited defendant's discriminatory hotel website. In *Kennedy v. Swagath Hospitality, LLC*, 0:19-cv-60583-DPG, DE

27 (S.D. Fla. 1/2/2020), another court rejected the defendant's physical nexus argument, stating:

> Plaintiff alleges that (1) she visited Defendant's website to ascertain whether it met the requirements of 28 C.F.R. Section 36.302(e), (2) she intends to return to the website to test it for compliance and/or to reserve a guest room, and (3) Defendant's failure to comply with the Americans with Disabilities Act ("ADA") is ongoing and harmful to her..... Based on these allegations, the Court finds that Plaintiff has sufficiently alleged an injury-in-fact and an intent to the return to the website in the future.

In *Kennedy v. WGA*, 2:19-cv-0095-RWS, DE 16, p. 9 (N.D. Ga. 11/5/2019), another court rejected a defendant's physical nexus argument (filed at DE 5). The court stated: "[Defendant]'s argument [] centers on whether [plaintiff] suffered a concrete and particularized injury only from visiting [the hotel's] website and not the physical premises. DE 16, at pp. 7-8. The court held that: "visiting the website suffices" and that "a plaintiff's inability to fully and effectively use an establishment's website constitutes an injury-in-fact." *Id*. at 9. See also *Poschmann v. Fountain TN, LLC*, 2019 U.S. Dist. Lexis 159417, **4-6 (M.D. Fla. 2019)(holding that the plaintiff's ADA claim was based on the discriminatory website and, "[t]herefore, the relevant "future injury" inquiry relates to the motel's website and reservation system, rather than the motel's physical property." )L *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. Lexis 87457. *8 (S.D. Fla. 2018)(proper motive for returning to discriminatory website is either "to determine whether the Hotel is accessible to him, and, if so, to reserve a room at the Hotel **or** to test the Hotel's Website reservation system for its compliance with the ADA."); *Kennedy v. Nila Investments, LLC*, 2:19-cv-90-LGW-BWC, DE 34. p.5 (S.D. Ga. 7/1/20)(after an evidentiary hearing, finding that the plaintiff suffered discrimination when she visited the non-compliant ORS "for the purpose of assessing the accessibility features of the property and to ascertain whether those sites met her accessibility needs as well as the requirements of 28 C.F.R. §

3

36.302(e)(1)." Other courts rejected the defendants' arguments that intent to book a room or visit the hotel was required. See *Kennedy v. New Yorker Hotel, Miami, LLC*, 0:18-cv-62897-WPD, DE 34 (6/6/19); *Kennedy v. Murnane, et al.*, 0:18-cv-63086-WPD, DE 10 (S.D. Fla. 3/5/19); *Kennedy v. Galleon Resort Condominium Assn, Inc., et al.*, 19-cv-62421-CMA, DE 52 (S.D. Fla. 1/28/20); *Kennedy v. Italia, LLC*, 0:19-cv-61938-MGC, DE 35 (S.D. Fla. 8/10/20)(rejecting physical nexus argument made at DE 17). Numerous other courts have held that a disabled person suffers injury-in-fact when they visit a hotel's discriminatory online reservations system. See *Kennedy v. Sai Ram Hotels, LLC*, 2019 U.S. Dist. LEXIS 80111, *4-6 (M.D. Fla. 5/13/19), citing *Honeywell v. Harihar Inc.*, 2018 U.S. Dist. LEXIS 203740,(M.D. Fla. Dec. 3, 2018); *Kennedy v. Floridian Hotel, Inc.*, 2018 U.S. Dist. LEXIS 207984, at *9 (S.D. Fla. 2018); *Poschmann v. Liberty Inn Motel, LLC*, 2:18-cv-14348, ECF No. 17 at 4-5 (S.D. Fla. Jan. 23, 2019); *Brooke v. Hotel Inv. Grp., Inc.*, 2017 U.S. Dist Lexis 150717, * 6 (D. Ariz. 2017); *Brooke v. Regency Inn-Downey, LLC*, 2017 U.S. Dist. Lexis 150716 (D. Ariz. 2017). This injury occurs in the comfort of the plaintiff's own home. *Gold Sun,* at pp. 30-31 (plaintiff's injury occurred in comfort of her own home when she visited defendant's discriminatory hotel website). Additional cases support the proposition that viewing a discriminatory commercial website constitutes injury-in-fact in the context of vision impairment based claims. See, e.g. *Carroll v. Fedfinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018); *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 294 (D. Mass. 2017); *Jones v. Piedmont Plus Fed. Credit Union*, No. 1:17-CV-5214- RWS, 2018 WL 4694362, at *1 (N.D. Ga. Sept. 26, 2018); *Jones v. Family First Credit Union,* No. 1:17-CV-4592-SCJ, 2018 WL 5045231, at *4 (N.D. Ga. Aug. 6, 2018). For example, in *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. Lexis 209202, *30

4

(S.D.N.Y. 2019), one court rejected the notion that the plaintiff's possible visit to the subject property was at issue, holding:

> Plaintiff has claimed that he was denied access to the Website, not Defendant's physical location itself. Thus, Defendant need not have shown that he intended to "return" to Defendant's school in Nashville, Tennessee. He is only required to have established a reasonable inference that he intended to return to the Website...

### III. The Rules Of Statutory Construction Prohibit The Imposition Of A Physical Nexus Requirement

Plaintiff's claims are based on the following: 42 U.S.C. Section 12182(a) provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation....

42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities,...

42 U.S.C. Section 12182(b)(2)(A)(ii). This latter subsection is the subject of regulations promulgated by the Department Of Justice ("DOJ").[1] Specifically, the DOJ promulgated 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), which provides:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility

---

[1]The DOJ promulgated 28 C.F.R. 36.302 to carry out the provisions of the ADA. *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. LEXIS 87457 *6 (S.D. Fla. May 23, 2018).

5

needs; ....

It is paramount that the plain words of the Statute and duly promulgated Regulation govern. Interpretation of any statute begins with "the language of the statute itself." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 192 (7th Cir. 1993). If the wording is unambiguous, this court must enforce the congressional intent embodied by the statute. *Id*. "Our duty is to say what statutory language means, not what it should mean, and not what it would mean if we had drafted it." *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1333-34 (11th Cir. 2013. "We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable.". *Marod*, 733 F.3d at 1334, citing *Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228 (2008).* A court may not read words or elements into a statute that do not appear on its face, including a requirement regarding intent. See *Bates v. United States*, 522 U.S. 23, 29 (1997)(intent to defraud requirement cannot be judicially added). More significantly, if such additional restrictive language is found elsewhere in the Statute, but not in the provisions governing the case at bar, such exclusion is dispositive.

> "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."

*INS v. Cardoza—Fonseca*, 480 U.S. 421, 432 (1987). The Statute and Regulation are directly on point and unambiguously spell out all the elements of a cause of action. The plaintiff's right to injunctive relief is accorded by 42 U.S.C. Section 12188(a), which provides that: "The remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to **any person who is being subjected to discrimination** on the basis of disability in violation of this subchapter..." (Emphasis added.) A disabled person who

6

encounters a non-compliant ORS becomes entitled to relief under this provision pursuant to two different subsections "of this subchapter". First, 42 U.S.C. Section 12182(a) clearly spells out a complete cause of action as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the ... services ... of any place of public accommodation..." A commercial website is a "service" of a place of public accommodation. *Haynes v. Dunkin Donuts, LLC*, 741 Fed. Appx. 752, 754 (11th Cir. 2018)(unpublished opinion)(describing a commercial website as a "service" of a place of public accommodation); *Nat'l Fed'n Of The Blind v. Target Corp.*, 452 F. Supp. 946, 953 (N.D. Cal. 2006)(same). Because a hotel's reservation website system is a "service", all that is required is that a disabled person be deprived of full and equal enjoyment of this "service".[2] Alternatively, 42 U.S.C. Section 12182(b)(2)(A) expressly provides that "discrimination" includes a violation of 42 U.S.C. Section 12182(b)(2)(A)(ii). Because a non-compliant ORS violates this latter subsection, it is therefore "discrimination" and thus actionable to "any person" who encounters it.

    The rules of statutory construction mandate a finding that a physical nexus requirement can NOT be imposed because any language expressing this requirement is conspicuously missing from the above cited Regulation and Statutory subsections. As set forth in the following cases, the imposition of substantially similar requirements have been extensively considered and rejected because they were noted to be present in other statutes or subsections, but absent from the applicable sections or subsections governing the claims before the courts reviewing them.

    In *Marod.*, 733 F.3d 1323, the Eleventh Circuit held that a disabled tester has standing to

---

[2] An online reservations system may also be characterized as a privilege or advantage, also referenced in Subsection 12182(a).

pursue a Title III ADA case for violations of 42 U.S.C. Section 12182. Generally, it held that a plaintiff's motive and intent are entirely irrelevant and that there is no requirement that they be a client or customer or a bona fide customer. In this regard, the Eleventh Circuit relied on Supreme Court cases and applied the rules of statutory construction. Both *Marod*, 733 F.3d at 1333, and *PGA Tour v. Martin*, 532 U.S. 661, 678-79 (2001), held that an ADA plaintiff suing under 42 U.S.C. Section 12182(a) does not have to be a "client or customer" of the defendant. In both cases, the Eleventh Circuit and Supreme Court noted that a **different** subsection of the same statute contained a "client or customer" requirement that was not present in the plain language of Subsection 12182(a). Therefore, both courts held, the requirement could not be applied. Because the "client or customer" language was present in one subsection, but missing from the subsection that governed, the requirement could not be imposed. In *PGA Tour*, 532 U.S. at 678-79, the defendant had argued that the plaintiff had no standing to sue unless he was a "client or customer" of the place of public accommodation. The Court rejected this notion. As the Court observed, the Statute's "client or customer" limitation was set forth in only one Subsection of the Statute, but missing from others that governed the case before it. Specifically, Section 12182(b)(1)(A)(iv) contained the "clients or customers" limitation. However, the Subsection at issue in *PGA Tour*, namely 12182(a)[3] **did NOT** contain this limiting language. Therefore, the Court stated that: "clause (iv) is not literally applicable to Title III's general rule prohibiting discrimination against disabled individuals. Title III's broad general rule contains no express "clients or customers" limitation..." *PGA Tour*, 532 U.S. at 679 (citing Subsection 12182(a)). Therefore, as the Supreme Court observed, limiting language contained in one Subsection of

---

[3]Subsection 12182(a) is the same Subsection that governs the instant action.

Title III cannot be applied to other Subsections of the same statute where that language is missing.

In *Marod*, the Eleventh Circuit considered other cases applying other civil rights statutes. Among these was *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), discussed by the *Marod* Court at 733 F.3d at 1330. As noted by *Marod* regarding *Havens*:

> The Supreme Court concluded that a black tester who was misinformed about the availability of a rental property had alleged sufficient injury-in-fact to support standing to sue under § 804(d) of the FHA. Id. at 374, 102 S. Ct. at 1121-22. The plaintiff-tester in Havens Realty never intended to rent the apartment; rather, his sole purpose was to determine whether the defendant engaged in unlawful practices. *Id*.
> In considering the tester's standing, the Supreme Court in *Havens Realty* explained that the "'the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id. at 373 []*; see also *Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3, [](1973)* ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute."). The statutory language of the relevant FHA provision, § 804(d), was therefore critical to the Supreme Court's decision. *Havens Realty, 455 U.S. at 373, []*.

*Marod*, 733 F.3d at 1330 (additional citations omitted). The Court also noted:

> The Supreme Court therefore concluded that § 804(d) "establishes an enforceable right to **truthful information** concerning the availability of housing" and "[a] tester who has been the object of a misrepresentation made unlawful under § 804(d) has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions." [Citation omitted.]
> The Supreme Court admonished "[t]hat the tester may have approached the real estate agent fully expecting that he would receive false information, and **without any intention of buying or renting a home**, does not negate the simple fact of injury within the meaning of § 804(d)." *Id. at 374*; *[]*.The Supreme Court explained that "[w]hereas Congress, in prohibiting discriminatory refusals to sell or rent in § 804(a) of the Act, *42 U.S.C. § 3604(a)*, required that there be a 'bona fide offer' to rent or purchase, Congress plainly omitted any such requirement insofar as it banned discriminatory representations in § 804(d)." *Havens Realty*, 455 U.S. at 374[]..

*Marod*, 733 F.3d at 1330-31 (emphasis added)(additional citations omitted).

The case at bar is substantially similar to *Havens Realty*. Under *Havens Realty*, the plain

9

language of the statute gave a right of action to a civil rights tester who encountered **discriminatory information** about an apartment **even though they did not intend to rent the apartment**. In other words, it was not necessary that the person intended to rent or visit the physical location. Rather, encountering the discriminatory information was sufficient.

In *Marod*, the Court also noted that other anti-discrimination statutes required that a plaintiff have "bona fide" status. *Marod*, 733 F.3d at 1333. Because the bona fide requirement was contained in other statutes, but not included in the applicable provisions of 42 U.S.C. 12182, its requirement could not be imposed. *Id*. In *Havens Realty*, the Supreme Court applied the same rule of statutory construction, noting that a requirement that a plaintiff be a "bona fide patron" was included in one subsection of the applicable statute, but missing from the subsection that applied to the case before it. Therefore, the bona fide requirement did not apply. *Havens Realty*, 455 U.S. at 374. In *Marod*, the Court stated:

> These examples illustrate that Congress has said so expressly when it wants to limit the class of people protected by anti-discrimination statutes to only clients or customers or to people of bona fide status. But Congress expressed no such limitation in the parts of Title III that are relevant to Plaintiff[]'s lawsuit. This absence of legislative language restricts our interpretation, as we are "not allowed to add or subtract words from a statute."

733 F.3d at 1333-34. The ability or inability to obtain information in violation of a statute was recognized as an actionable injury by the Supreme Court in *Federal Election Commission v. Akins*, 524 U.S. 11, 20-25 (1998), which ruled that a group of voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III. In this regard the Supreme Court stated:

> Indeed, this Court has previously held that a plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute. *Public Citizen v. Department of Justice*, 491 U.S. 440, 449, [] (1989) (failure to

10

obtain information subject to disclosure under Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue").

524 U.S. at 21. To the extent there is any room for doubt, there is in fact **another** subsection of the Statute which **DOES** contain language imposing a physical nexus requirement. 42 U.S.C. Section 12182(b)(2)(A)(i) prohibits:

> "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities *from* fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations..." (Emphasis added.)

In that Subsection, the word "from" is critical because its insertion in the Subsection means that a disabled person's encounter with discriminatory eligibility criteria by itself does not give rise to a cause of action unless and until that criteria prevents them **"from"** full and equal access to goods or services. This word, however, is conspicuously absent from any of the provisions that govern online reservations systems. Because an ORS is a "service" of the place of public accommodation, and failure to comply with the Regulation qualifies as "discrimination", then nothing more is necessary. When a disabled person encounters a non-compliant ORS, he has been "discriminated against on the basis of disability in the full and equal enjoyment of ... services, ..., privileges, advantages..." Alterntatively, he is "any person subjected to discrimination" within the meaning of Sections 12188(a) and 12182(b)(2)(A).

Thus, the plaintiff has standing and there is no additional requirement that they actually visit the hotel or intend to book a room. In short, the Plaintiff's encounter with the discriminatory website IS the injury.

The Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) supports this conclusion. In *Spokeo*, the Supreme Court held that improper information which

violated the Fair Credit Reporting Act did not, by itself, constitute injury. However, the *Spokeo* Court specifically recognized the existence of statutes which provide that the dissemination of improper information constitutes an injury with nothing more required. The Court stated:

> Just as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. See *Federal Election Comm'n v. Akins*, 524 U. S. 11, 20-25, [] (1998) (confirming that a group of voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III); *Public Citizen v. Department of Justice*, 491 U. S. 440, 449, [] (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue").

*Spokeo,* 136 S.Ct. At 1549-50. In the *Akins* decision referenced by *Spokeo*, the Supreme Court, in turn, referenced *Havens Realty* as follows:

> Indeed, this Court has previously held that a plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publically disclosed pursuant to a statute..... See also *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-374[] (1982) (deprivation of information about housing availability constitutes "specific injury" permitting standing).

*Akins*, 524 U.S. at 21. Thus, the *Spokeo* Court neither overturned nor narrowed *Havens Realty*, but instead acknowledged the body of law to which *Havens Realty* belongs.[4] Indeed, the concurring and dissenting opinions in *Spokeo* both expressly recognized *Havens Realty*. *Spokeo,* 136 S.Ct. at 1553, 1555 (Thomas J., Concurring)(Ginsburg, J. Dissenting).

Many authorities in this Circuit have cited *Havens Realty* in recognizing informational injury. "Being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm

---

[4]In *Marod*, passim, this Circuit Court found substantial similarities between the ADA and the statute at issue in *Havens Realty* with regard to the issue of standing and the lack of any motive requirement of the individual plaintiff.

12

nevertheless." *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739-40 (N.D. Ill. 2017)("*Havens Realty* turns only on the misleading nature of the representations, not on the racial motivation behind them"); See also *Bensman v. United States Forest Serv.*, 408 F.3d 945, 955-57 (7th Cir. 2005)(surveying cases and statutes where informational injury is recognized and actionable). As *Bensman* illustrates, where a statute requires that a protected person receive certain information, failure to provide that information is actionable. In *Village of Bellwood v. Dwivedi*, 895 F.2d 1521 (7th Cir. 1990), the Seventh Circuit followed *Havens Realty* in recognizing the standing of testers to sue over false statements regarding housing. See also *Kyles v. J.K. Guardian Sec. Servs.*, 222 F.3d 289 (7th Cri. 2000). In *United States v. Balistrieri*, 981 F.2d 916, 929 (7th Cir. 1992), black testers who were given false information regarding housing had standing to sue even though they had no intention of renting. See also *Chicago v. Matchmaker Real Estate Sales Center, Inc.*, 982 F.2d 1086, 1096 (7th Cir. 1992).

**IV.     The Cases Cited By Defendant**

At p. 3 of its Brief, Defendant cites *Carello v. Aurora Policemen Credit Union*, 930 F. 3d 830 (7th Cir. 2019). However, this reliance is misplaced. *Carello* involved a credit union that only served a closed group, from which the plaintiff was legally barred and to which he could never become a member. *Id.* at 832, 833. Indeed, the *Carello* Court expressly confined its holding as being no broader than that set forth in an identical case: *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649 (4th Cir. 2019). *Griffin* confined its holding to whether " this plaintiff who is barred by law from making use of defendant's services may sue under the ADA for an allegedly deficient website", and expressly stated that it was not considering " the rights generally of people with disabilities to sue for Internet-based harms under the ADA..." *Id.* at 652, 653.

13

Significantly, the *Carello* Court distinguished itself from the sorts of websites applicable to the case at bar, stating: "Carello does not complain that the Credit Union withheld information...." *Id*. at 835. Thus, the *Carello* Court expressly distinguished the statute at issue therein with the type of statute and regulation at issue herein - which prohibit the withholding of information. Indeed, the *Carello* Court recognized that informational injury is actionable when the defendant fails to provide information to a plaintiff that a law entitles him to obtain and review for some substantive purpose. *Id*. at 835. Once that occurs, there is no additional requirement that the plaintiff suffer any additional harm beyond his or her failure to receive the information that the law renders subject to disclosure. *Id.*, citing *Spokeo*.

Defendant also cites *Laufer v. Laxmi & Sons*, 2020 U.S. Dist. LEXIS 79545 (N. D. N.Y. 2020). However, the *Laxmi* Court issued no ruling, but simply ordered the plaintiff to submit a brief. At p. 3 of its Brief, Defendant cites *Harty v. Greenwich Hospitality Group, LLC*, 2013 U.S. App. LEXIS 22136 (2nd Cir. 2013). However, this case is entirely inapposite because it involves physical violations encountered only at the physical property itself. See *Camacho*, 2019 U.S. Dist. Lexis 209202, *30 (holding that *Harty* is inapposite to cases involving website discrimination). Defendant cites only two ORS cases that support its proposition: *Hernandez v. Caesars License Co., LLC,* 2019 U.S. Dist. LEXIS 172456 (N.J. Dist. 2019); and *Strojnik v. Kapalua Land Co*, 2019 U.S. Dist LEXIS 165525 (Hawaii 2019). See Defendant's Brief, p. 3. However, neither of these cases applied the rules of statutory construction or provided any logical analysis to support their conclusions. For example, the *Hernandez* court cites two cases to support its claim that a plaintiff must intend to book a room at the hotel. However, neither stand for such a proposition. The first case cited by *Hernandez*, *Juscinska v. Paper Factory Hotel,*

14

*LLC*, 2019 U.S. Dist. Lexis 92550 (S.D.N.Y. 2019), only noted that the plaintiff had the intention of booking a room. It never held that such an intent was required. Noting that the plaintiff intended to book a room is far different from holding that this is a requirement of the law. The second case cited by the *Hernandez* Court, *Coral Reef Of Key Biscayne Developers, Inc*., 2018 U.S. Dist. Lexis 87457, at *8, actually stands for the opposite conclusion by holding that testing for compliance was a legitimate alternative to intending to book a room. The case of *Strojnik v. Kapalua Land Co*, 2019 U.S. Dist LEXIS 165525 (Hawaii 2019) is equally flawed because the court provided no analysis of the applicable law and even stated that a website "is not a place of public accommodation", (*Id*. at *12 ), thus overlooking the fact that the Regulation on point extends the ADA's coverage to such websites. Moreover, the Court's implied ruling that the plaintiff must additionally be denied "goods, services", etc., overlooks the plain language of the statute and the regulation which establish that the ORS is the "service" and that failure to comply constitutes "discrimination".

## VII. Plaintiff Does Intend To Visit Illinois

Even though such is not necessary for purposes of standing, Plaintiff does indeed intend to visit Illinois and travel throughout the entire State as soon as the Covid crisis abates. Laufer Affid., para. 5. She will stay in area hotels during her travels. Because this Defendant and so many others fail to comply with the law, Plaintiff lacks the information she requires to make a meaningful choice. *Id.*

Respectfully submitted,

By: /s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel

15

Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475
fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942